560 A.2d 1380

**Father James MAMALIS, Appellant,**

v.

**ATLAS VAN LINES, INC., and McClain Moving Company, Appellees.**

Supreme Court of Pennsylvania.

Argued Dec. 9, 1988.

Decided June 28, 1989.

Gary L. Azorsky, Kenneth S. Siegel, for appellant.

Charles Jay Bogdanoff, Charles P. Menszak, Jr., Gary Keith Feldbaum, for Atlas Van Lines, Inc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

OPINION

ZAPPALA, Justice.

The issue of first impression presented in this appeal is whether an agent and its principal are joint tortfeasors under the Uniform Contribution Among Tortfeasors Act (UCATA), Act of July 9, 1976, P.L. 586, No. 142, effective June 27, 1978, 42 Pa.C.S.A. §§ 8321 et seq. We hold that an agent and its principal are not joint tortfeasors under UCATA when the liability of the principal is vicarious liability and is not based upon the principal's independent actionable fault.

The Appellant, Father James Mamalis, brought actions against McClain Moving Company and Atlas Van Lines to recover damages for the loss of his personal property in a fire. Mamalis filed an action initially against McClain, then filed a second action against Atlas. The lawsuits were later consolidated.

Mamalis contracted with McClain to ship his personal belongings from Philadelphia to Fairview, New Jersey. His property was loaded onto a van by McClain and was taken to McClain's place of business for delivery on the next day. The van caught fire that evening, destroying most of Mamalis' property.

Mamalis' complaint against Atlas alleged that it was responsible for the property damage through the conduct of its agent, McClain. The parties disputed whether McClain was acting under the apparent authority of Atlas while transporting the property, having agreed that McClain was not acting under Atlas' actual authority. That issue was decided against Atlas in a subsequent jury trial.

McClain filed bankruptcy proceedings. Mamalis then settled his claim against McClain for $25,000 prior to trial and executed a release. The release purported to preserve Mamalis' claim against Atlas and stated that,

3. Because the parties intend that Fireman's [McClain's insurer] and McClain shall be relieved of any liability for contribution to any other tortfeasor against whom Mam-

alis might recover, this release is being given before the right of any other tortfeasor has accrued to secure a money judgment for contribution, and the amount of damages which Mamalis may recover from the other tortfeasors shall be reduced by the pro rata share of the consideration paid under this release.

(R. 35a–36a) The release provided that it would be governed by UCATA.

Atlas moved for summary judgment on the basis that the release of the agent extinguished Mamalis' claim and discharged its liability as a principal. The summary judgment motion was denied. Atlas raised the issue again at trial and on a motion for a directed verdict. The trial court submitted the case to the jury and a verdict was returned in favor of Mamalis for $84,402.70.

Atlas' post-trial motions seeking judgment n.o.v. and/or a new trial were denied. The trial judge concluded that Atlas and McClain were joint tortfeasors under UCATA and that as such, a release of one would not discharge the liability of the other unless the release so provided. The trial judge cited *Bausewine v. Norristown Herald, Inc.,* 351 Pa. 634, 41 A.2d 736 (1945) as support for his conclusion, reasoning that the principal and agent are severally liable and fall within UCATA's definition of joint tortfeasor.

Based upon this conclusion, the trial judge reduced the verdict by $25,000, the consideration paid for the release. *See* 42 Pa.C.S.A. § 8326. Delay damages and interest of $44,382.54 were added to the verdict, to arrive at a verdict of $103,785.24.

On appeal, the Superior Court reversed. The Superior Court noted the distinction between liability imposed upon one for his own injurious conduct and liability that rests upon fault that is imputed or constructive only. Reasoning that the Legislature intended to distinguish the vicarious liability of a principal from the joint liability of concurrent tortfeasors, the Superior Court concluded that a vicariously liable principal and agent are not joint tortfeasors under UCATA. Release of the agent was held to preclude further

recovery against the principal. The trial court's order was vacated and judgment was reversed.

■ Pennsylvania is one of the jurisdictions that adopted the text of the 1939 version of the Uniform Contribution Among Tortfeasors Act. *See*, 12 Uniform Laws Annotated, pp. 59–60. The legislative enactment of the uniform act dramatically altered the existing common law governing the relationship between and among a plaintiff and joint tortfeasors. At common law, an individual injured by the negligence of more than one tortfeasor could proceed against any one for payment of damages recovered. Payment by one would act as satisfaction to the injured individual and would release all others liable for the injury. *Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959).

A release of one tortfeasor also necessarily worked a release of all others, regardless of the parties' intent. In 1951, the Legislature passed the Uniform Contribution Among Joint Tortfeasors Act, Act of July 19, 1951, P.L. 1130, § 8, which has been substantially reenacted by the 1976 UCATA that is the current law. The 1951 Act altered the effect of a release as to nonsettling joint tortfeasors. It enabled an individual to settle with one joint tortfeasor and still have recourse to the remaining tortfeasors, subject to the limitations stated in the Act.

The 1951 Act provided for a right of contribution among joint tortfeasors. A joint tortfeasor was entitled to a money judgment for contribution only if he had discharged the common liability or had paid more than his pro rata share thereof. A release of one joint tortfeasor would not discharge the other tortfeasors unless provided by the release, but would reduce the claim against the other tortfeasors by the consideration paid or as stated in the release, if greater than the consideration paid. The Act specifically provided that any right of indemnity under existing law was not impaired. The law has remained unchanged by the 1976 legislation.

The Appellant contends that the Superior Court erred in holding that a vicariously liable principal and agent are not

joint tortfeasors under UCATA. The underpinning of the Appellant's argument is the definition of joint tortfeasor stated in 42 Pa.C.S.A. § 8322. Section 8322 states:

As used in this subchapter "joint tortfeasors" means two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them.

The Appellant argues that this definition brings UCATA into play whenever a person is jointly or severally liable in tort. Further argument is made that this Court's decisions in *Bausewine v. Norristown Herald, Inc.,* 351 Pa. 634, 41 A.2d 736 (1945) and *Blum v. Goldman,* 366 Pa. 527, 79 A.2d 248 (1951) provide the necessary definition for "severally liable" in tort to encompass the principal/agent relationship.

We do not find our decisions in *Bausewine* and *Blum* to be instructive on the issue before us. *Bausewine* involved libel actions against a newspaper corporation and an individual who was its president and substantial owner which were consolidated for trial. We held that when the plaintiff discontinued its action against the individual, he could continue to proceed against the corporate defendant. Although the relationship between the defendants was master and servant, evidence was introduced that demonstrated the plaintiff's claim against the individual defendant was not predicated solely upon the publication of the defamatory articles by the newspaper. The plaintiff and two other witnesses had testified at trial that the publication was the result of an intentional exercise of actual malice on the part of the individual defendant based upon the personal enmity he felt for the plaintiff. This distinction is significant. Unlike the instant case, the plaintiff's claims against the individual and corporate defendants in *Bausewine* were not based on vicarious liability, but upon each of the defendant's respective conduct.

In *Blum, supra,* the plaintiffs brought a trespass action to recover damages for malicious inducement to breach a contract for the sale of real estate against an individual defendant who was the president and controlling stockhold-

er of a theater corporation. The lawsuit was founded upon the same transaction which formed the basis of two earlier lawsuits filed against the corporation in which the individual was identified as an agent. The defendant asserted that the prior litigation was res judicata and was granted judgment on the pleadings by the trial court.

We held that the plaintiffs could not pursue the action against the individual because they had elected to prosecute their cause of action against the principal and had received satisfaction of the judgment entered in their favor. Because the plaintiffs' action essentially sought to recover counsel fees, an item of damages denied to them in the earlier litigation, the action was foreclosed. This holding recognized that the plaintiffs were entitled to only one satisfaction for their injuries and could not remedy what was claimed to be an erroneous assessment of damages by bringing a second action. It is inapposite to the issue presented in the appeal now before us.

We do not find those cases to be persuasive authority for the Appellant's position because of the factual circumstances underlying our decisions therein. More importantly, however, is the fact that we cannot divorce the definition of joint tortfeasors from the context of the Act itself.

The Superior Court succinctly summarized the distinction between the concept of liability vicariously imposed by law and the purpose behind UCATA, stating,

> The rules of vicarious liability respond to a specific need in the law of torts: how to fully compensate an injury caused by the act of a single tortfeasor. Upon a showing of agency, vicarious liability increases the likelihood that an injury will be compensated, by providing two funds from which a plaintiff may recover. If the ultimately responsible agent is unavailable or lacks the ability to pay, the innocent victim has recourse against the principal. If the agent is available or has means to pay, invocation of the doctrine is unnecessary because the injured party has a fund from which to recover.

The system of contribution among joint tortfeasors, of which the Uniform Act's apportionment rules are a key component, has arisen completely apart from the system of vicarious liability and indemnity and meets an entirely distinct problem: how to compensate an injury inflicted by the acts of more than one tortfeasor. Unlike the liability of a principal, the liability of a joint tortfeasor is direct (because the tortfeasor actually contributed to the plaintiff's injury) and divisible (since the conduct of at least one other also contributed to the injury).

*Mamalis v. Atlas Van Lines, Inc. et al.*, 364 Pa.Super. 360, 365–366, 528 A.2d 198, 200–201 (1987).

We hold that absent any showing of an affirmative act, or failure to act when required to do so, by the principal, termination of the claim against the agent extinguishes the derivative claim against the principal. A claim of vicarious liability is inseparable from the claim against the agent since any cause of action is based on the acts of only one tortfeasor. There was no evidence introduced to establish acts of the principal that would make Atlas's liability anything other than vicarious. We find that UCATA is inapplicable to the factual circumstances of this case.[1]

The Appellant's argument that the decision we have reached will discourage settlements is faulty for two reasons. First, the argument presumes that the fact there was a settlement in this case demonstrates that the trial court's ruling encourages settlements. This reasoning is too simplified and ignores the circumstances in which this case arose. The existence of an agency relationship itself was a disputed issue in this case. Prior to trial, it is understandable that McClain would analyze its position with an eye to the risk of a fact-finding that no agency relationship existed with Atlas. If an agency relationship was not established,

---

1. We acknowledge there is a split of authority on this issue among those jurisdictions that have adopted the UCATA. We have reviewed the appellate decisions which have addressed the issue and are persuaded that the better rationale has been expressed by those jurisdictions that have held that release of the agent releases the vicariously liable principal.

McClain would have been exposed to liability for the entire loss.

More importantly, however, an agent cannot avoid liability in an indemnity action where, as here, the principal was not a party to the release. Atlas has a right to indemnification against McClain, as conceded by the Appellant. If a plaintiff agrees to indemnify the agent for any claim by the principal in a release, then the settling plaintiff can gain no more than what he received under the release— the settlement amount agreed to by the agent. If a plaintiff does not agree to indemnify the agent against a claim by the principal, the agent will not be encouraged to settle because the principal may recover from him whatever amount the plaintiff recovers from the principal.

Accordingly, the order of the Superior Court is affirmed.

PAPADAKOS, J., and STOUT, Former Justice, did not participate in the decision of this case.

LARSEN, J., dissents.