## Bish v. Greenville Hospital

*Harvey L. Daniels,* for plaintiff.
*James A. Wood,* for defendant John P. Scullin, M.D.

ACKER, *P.J.,* December 22, 1989 — This matter comes for consideration upon defendant Dr. Scullin's motion for summary judgment.

This action is in negligence filed by plaintiff against defendant, Greenville Hospital and Dr. John Scullin, following surgery performed on April 19, 1984. Defendant doctor had performed a bilateral total hip replacement on plaintiff at defendant hospital. Plaintiff alleges that during the surgery a ground plate was applied to plaintiff's back from which she sustained third-degree burns. Valleylab was joined as an additional defendant in a complaint by defendant hospital which alleged that the surgical unit supplied by Valleylab was defective and caused plaintiff's injuries. Subsequently, defendant hospital and plaintiff reached a settlement as to plaintiff's cause of action against the hospital and a joint tort-feasor release was executed by plaintiff to the hospital.

Defendant doctor argues that summary judgment should be granted in his favor since there is no genuine issue of material fact that would prove him responsible for the events in the operating room which caused plaintiff's injuries. In addition, defendant doctor claims that since plaintiff has recovered $35,000 from defendant Greenville Hospital, defendant Scullin cannot be held vicariously liable for plaintiff's injuries in that plaintiff has already recovered for such injury.

Summary judgment can only be granted when in a matter of law the issue is free and clear from doubt. *Billman v. Billman v. Pennsylvania Assigned Claims Plan,* 349 Pa. Super. 448, 502 A.3d 932 (1986). The burden of proof in establishing that there is no genuine issue of material fact and that the moving party is entitled to a summary judgment rests upon

the moving party. *Bertani v. Beck,* 330 Pa. Super. 248, 479 A.2d 534 (1984).

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of any material fact, and that the moving party is entitled to judgment as a matter of law.' " *Washington Federal Savings & Loan v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986); see also, *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). However, parties seeking to avoid summary judgment may not rest on the averments contained in their pleadings. To the contrary, the adverse party may serve opposing affidavits as authorized by rule 1035(d) to show that there is an issue of fact. *Washington Federal Savings & Loan v. Stein, supra* at 288, 515 A.2d at 981. Any doubt must be resolved against the moving party. *Id.*

The court in response to the motion for summary judgment does not decide issues of fact but only whether there is an issue of material fact to be tried. *Boyd v. Albert Einstein Medical Center,* 377 Pa. Super. 609, 547 A.2d 1229 (1988); *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968). The fact is material if it directly affects disposition of the case. *Commonwealth v. Insurance Company of North America,* 62 Pa. Commw. 379, 436 A.2d 1067 (1981); *Allen v. Colautti,* 53 Pa. Commw. 392, 417 A.2d 1303 (1980).

Defendant Scullin raises two contentions in reliance on his motion for summary judgment. His first contention is that he was not responsible under a "captain of the ship" theory for activities in the operating room which may have led to plaintiff's injuries. We disagree.

The "captain of the ship" doctrine imposes liability on a surgeon in charge of an operation for the negligence of his assistants during the period when the assistants are under the surgeon's control. *Thomas v. Hutchison,* 422 Pa. 118, 275 A.2d 23 (1971). It establishes vicarious liability of the surgeon for the negligence of those operating under his direction. *Easter v. Hancock,* 237 Pa. Super. 31, 346 A.2d 323 (1975). The essential question is whether one is subject to the control of another not only as to the work to be done but also the manner of performing it. *Grubb v. Albert Einstein Medical Center,* 255 Pa. Super. 381, 387 A.2d 480 (1978). This determination of whether an assistant is the servant of a surgeon is a factual issue to be determined by the jury. *Thomas v. Hutchinson, supra.* In *Grubb v. Albert Einstein Medical Center, supra,* the court sets down a number of factors the jury must consider, including whose work was being done, who had the right to control the work and the manner doing it, who received the benefit, and had the right to receive the benefits from the performance of the work.

There are many issues of material fact which make the granting of such a motion not free and clear from doubt. Questions such as the extent of defendant doctor's control over the work to be done and its performance must be resolved.

Therefore, because the "captain of the ship" doctrine may be applicable, summary judgment on this contention must be denied. Defendant Scullin's second contention in support of a motion for summary judgment is that since defendant Greenville Hospital and plaintiff settled for $35,000, defendant Scullin can no longer be liable to plaintiff. We disagree.

The appellate courts of Pennsylvania have not considered the issue of whether the release of a hospital employer does or does not work as a release of a doctor/employee. We conclude that it does not. The decision can be supported by two different theories of law.

First, we can apply the law in Pennsylvania on the subject of joint tort-feasors. Title 42 Pa.C.S. §8325 states that the recovery of a judgment by the injured party against a joint tort-feasor does not discharge the other joint tort-feasor. Defendant Scullin argues that the hospital and himself are not joint tort-feasors but are linked together by vicarious liability and thus 42 Pa.C.S. §8325 does not apply. We disagree based on the holding in *Mazer v. Lipshutz*, 360 F.2d 275 (1966).

The facts in *Mazer* are almost identical to the instant case. The plaintiff was suing both the hospital and the doctor for injuries he received. The hospital eventually settled with plaintiff for $60,000 and the doctor moved to be released from any further liability. The court denied the request and held that the plaintiff had mistaken the positions of the hospital and of the doctor. The plaintiff mistakenly believed that only the hospital was vicariously liable for the doctor's actions and therefore since the principal party who was vicariously liable had paid for the plaintiff's damages, the plaintiff could not recover a second time from the doctor. In reality, both the doctor and the hospital were vicariously liable, and therefore were both joint tort-feasors. The hospital was vicariously liable for the doctor's actions and the doctor was vicariously liable for his operating team's actions. *Mazer v. Lipshutz*, 360 F.2d 275 (1966). "It has long been held that two parties who are each secondarily liable are considered joint tort-feasors as between each other." *Rutherford v. Gray Line Inc.*, 615 F.2d 944 (1980).

We have the same set of circumstances present in our case. Greenville Hospital is vicariously liable to the actions of Doctor Scullin and Dr. Scullin is vicariously liable to the actions of his operating team. Therefore, Greenville Hospital and Dr. Scullin do fit under the Uniform Contribution Among Tort-feasors Act. Any release of the principal Greenville Hospital does not prevent further recovery from its agent, Dr. Scullin. Dr. Scullin's liability, if any, will of course be limited to the amount of any judgment in excess of the amount already paid by the hospital. 42 Pa.C.S. §8326; *Capone v. Donovan,* 332 Pa. Super. 185, 480 A.2d 1249 (1984).

It is important to this decision to point out that Dr. Scullin has wrongly applied the holding of *Mamalis v. Atlas Van Lines Inc.,* 522 Pa. 214, 560 A.2d 1380 (1989), to the facts of this case. In *Mamalis,* only the principal was vicariously liable for the tort committed and the agent was in fact the party directly responsible for the tort. The agent and the principal could not therefore be classified as joint tort-feasors under the Uniform Contribution Among Tort-feasors Act. 42 Pa.C.S. §8321. Additionally, it was the agent who was released in *Mamalis* and not the principal. In the instant case, Dr. Scullin readily admits that it is the principal Greenville Hospital who has been released from further liability and not the agent, Dr. Scullin. The instant case is the exact opposite of *Mamalis.*

A second theory for denying Dr. Scullin's motion for summary judgment is that the case involves a master/servant relationship between the hospital and Dr. Scullin. The premise being that the employer hospital was vicariously liable for its employee, Dr. Scullin's alleged negligence in supervising an operation. The release of the one not legally liable to the injured party does not work as a release of any tort-feasor. *Smith v. Fenner,* 399 Pa. 638, 161

312

A.2d 153 (1960), quoted in *Augustine v. Sokol,* 41 D.&C. 3d 236 (1985). "If there was no community of fault, there was no joint tort; hence a release of one not shown legally liable would not release a tort-feasor." *Wilbert v. Pittsburgh Consolidated Coal Company,* 385 Pa. 151, 122 A.2d 407 (1956), cited in *Augustine v. Sokol, supra.* "A release of one who is not legally liable for an injury to another does not operate to release the culpable tort-feasor." *Koller v. Pennsylvania Railroad,* 351 Pa. 63, 40 A.2d 91 (1944), quoted in *Augustine v. Sokol, supra.*

The two legal theories are somewhat different to each other in that the first theory deals with release of multiple tort-feasors while the second theory deals with releases between tort-feasors, injured parties and those parties "not legally liable."

The end result under both theories is, however, the same. Under the Uniform Contribution Among Tort-feasors Act, a release of one multiple tort-feasor would not bar suit against another. Under the master/servant theory, where there is no "community of fault," a release of one "not legally liable" would not bar suit against an alleged tort-feasor.

Hence, this

## ORDER

And now, December 22, 1989, it is hereby ordered and decreed that defendant Scullin's motion for summary judgment is denied.