**Keesey v. Longwood Volunteer Fire Co. (No. 2)**

*Marcy B. Tanker,* for plaintiff.
*William P. Holsten II,* for defendant county of Delaware.
*Ralph B. D'Iorio,* for defendant county of Chester.

LABRUM, *J.,* November 14, 1991—A timely appeal has been filed by plaintiff from this court's order dated February 4, 1991, granting summary judgment in favor of defendants, the county of Delaware and the county of Chester. The record was transmitted to the Com-

monwealth Court without the trial court opinion pursuant to the instructions of C.R. Hostutler, chief clerk, by letter dated May 2, 1991. This due to the illness of the trial judge. Thereafter on November 1, 1991, by order received by the trial judge on November 7, 1991, the record was remanded for the purpose of preparing and filing an opinion no later than November 15, 1991. The record was received by the trial judge on November 8, 1991. Hence this opinion.

The operative facts for the purpose of the instant appeal are not in dispute: On or about July 20, 1986, a motor vehicle accident occurred between the vehicles operated by plaintiff David J. Keesey and that of defendant Edward B. Walton at or near the intersection of Routes 1 and 202 in Delaware County, Pennsylvania. At the time, defendant Walton was operating a fire engine owned by defendant Longwood Volunteer Fire Company Inc., which was responding to a fire emergency issued by Edgemont Township due to a fire in Ridley Creek State Park.

At some point before the accident in question, the fire chief of Edgemont Township issued a "slow down" order, though, allegedly, that slow down order was not communicated by the Fire Board of either Delaware or Chester counties to the Longwood Volunteer Fire Company and/or the driver of the vehicle in question, Edward B. Walton. Allegedly, this failure to "slow down" caused or contributed to the accident in question.

In his initial complaint, the plaintiff claimed that the county of Delaware was responsible for the incident in question by this failure to communicate the slow down order and that the aforementioned direction of fire emergency vehicles by the Fire Boards of the counties of Delaware and Chester equalled the type of "control" necessary in order to have a claim fall within

the motor vehicle exception to immunity found within the Political Subdivision Tort Claims Act at 42 Pa.C.S. §8542(b)(1).

Subsequent to the filing of preliminary objections to the original complaint of the plaintiff by both the counties of Delaware and Chester, this court, per the Honorable Melvin G. Levy, issued an order sustaining the preliminary objections and filed an opinion holding that the theory of so-called "constructive" control being exercised via radio direction was clearly outside of the purview of the motor vehicle exception to immunity, since in order for that exception to apply, actual control by the local agency involved must be alleged. Judge Levy then allowed the plaintiff to amend his complaint.

In his amended complaint, plaintiff alleged that at the time of the accident Edward B. Walton was operating the fire truck as the servant, agent or employee of the county of Chester and of the county of Delaware, both also defendants. This allegation by the plaintiff was made in an effort to bring the case under 42 Pa.C.S. 8542(b)(1)—*Vehicle Liability.* In his amended complaint, plaintiff accordingly asserts that the county of Chester is vicariously liable for the conduct of Edward B. Walton.

On January 17, 1990, plaintiff entered into an agreement of settlement with Edward B. Walton and the Longwood Volunteer Fire Company Inc. A true and correct copy of the release executed and delivered by the plaintiff as part of that settlement agreement is attached to defendant's motion for summary judgment as an exhibit thereto.

Thereafter both Delaware and Chester counties filed motions for summary judgment which were initially denied and the case listed for trial on February 4, 1991.

At the time of trial the county defendants renewed and again pressed their motions for summary judgment. The court permitted argument at that time and entered the order of February 4, 1991, granting summary judgment which is the subject of this appeal.

That judgment was entered because:

(1) There could be no direct liability of the defendant counties because the defense of immunity had been made absolute by Judge Levy's order sustaining preliminary objections. No appeal was taken from that order which thus became final as the law of the forum and;

(2) The release of the alleged tortfeasor Walton was an effective release of any alleged master or employer of Walton. Thus the alleged employers, Delaware and Chester counties, were effectively released and could not be found secondarily liable.

There can be no doubt that the issue of governmental immunity is finally determined in this case. The only possible remaining avenue to liability on the defendant counties is on a theory of respondeat superior.

A master or principal is only secondarily liable for the negligence or torts of the primarily liable agent, servant or employee. *Builders Supply Company v. McCabe,* 366 Pa. 322, 77 A.2d 368 (1951). Thus, the two are *not* joint tortfeasors, but rather exist in a primary/secondary liability situation. As stated by the Supreme Court in *Builders Supply Company, supra,* the employer or principal is only responsible for the acts of his agent or servant through his legal status and not due to any acts of negligence on behalf of the employer or principal. Thus, if the primarily liable defendant has been released from the case, that release

extinguishes any and all secondary liability, in this case, that of the principal. See also *Litz v. McGrath,* 16 D.&C.3d 239 (1980).

Moreover, this very issue of whether the execution of a so-called "joint tortfeasor release" in favor of a servant acts as a bar to further litigation against the principal has recently been decided by the Pennsylvania Supreme Court in light of the Uniform Contribution Among Tortfeasors Act (UCATA) in *Mamalis v. Atlas Van Lines Inc.,* 522 Pa. 214, 560 A.2d 1380 (1989), where the court again held that an agent or servant and the vicariously liable principal or employer are not "joint tortfeasors" pursuant to the UCATA at 42 Pa.C.S. §8322. In so holding, the court stated that absent a showing of any independent acts of negligence by the principal, "termination of the claim against the agent extinguishes the derivative claim against the principal. A claim for vicarious liability is inseparable from the claim against the agents any cause of action is based on the acts of only one tortfeasor." Id. at 221, 560 A.2d at 1383.

Thus, assuming that the plaintiff could convince a fact-finder that Edward B. Walton was, indeed, some type of agent, servant or employee of the county of Delaware and/or the county of Chester, then the release of Walton via the release must, as a matter of law, release the county of Delaware and/or the county of Chester as his purported principal. *Mamalis, supra.*

There being no viable theory on which plaintiff could proceed against either Chester or Delaware counties, and no facts being in dispute, summary judgment was therefore entered.