NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-3307
_____


KATHLEEN M. KELLY
as an Assignee of Brian T. Gill,
                                          Appellant

v.

NATIONAL LIABILITY & FIRE INSURANCE COMPANY;
NATIONAL INDEMNITY COMPANY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cv-01641)
District Judge:  Hon. Edmund V. Ludwig

_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed:  September 14, 2011)

_____

OPINION
_____

SLOVITER, *Circuit Judge.*

In this insurance coverage dispute, Plaintiff-Appellant Kathleen M. Kelly appeals the District Court's grant of summary judgment in favor of Defendant-Appellee National Liability & Fire Insurance Company ("National"). We will affirm.[1]

**I.**

In 2005, Kelly was involved in an automobile accident with Brian T. Gill, who was employed by Philadelphia Home Care ("PHC") as a physical therapist at the time. Gill was operating a personally-owned automobile in the course of his employment by PHC, and was insured under a personal automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm").

Two years later, Kelly filed a lawsuit in the Court of Common Pleas of Philadelphia County, listing Gill as the only defendant and seeking damages arising from the automobile accident. Pursuant to the terms of Gill's personal insurance policy, State Farm provided a legal defense for Gill against Kelly's claims. Although PHC was not joined as a third party defendant, Gill's counsel informed PHC about the lawsuit. PHC in turn notified its insurance company, National, and National investigated whether Gill was covered under the Business Auto Coverage Form ("the Policy") it had issued to PHC.

National determined that Gill was not covered under PHC's Policy, but that PHC would be covered if it were to be sued under the doctrine of *respondeat superior*. National communicated this position to Kelly, while noting that the suit could no longer

---

[1] The District Court had diversity jurisdiction over this matter under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

be brought against PHC because the statute of limitations had expired. National issued a claim determination letter to Gill, denying him coverage for the claims contained in Kelly's lawsuit.[2] While National did not dispute that the vehicle being operated by Gill at the time of the accident was a covered auto, it took the position that Gill was not "an insured" under the terms of the policy because he was operating a personally-owned vehicle. App. at 323a.

With court approval, Kelly filed an amended complaint in 2008 adding PHC as a defendant to her lawsuit against Gill. PHC then filed a motion for summary judgment, and, for reasons that are unclear from the record, PHC was dismissed by stipulation of all parties.

Gill proceeded to arbitration which resulted in an award of $375,000 in favor of Kelly. Consistent with the terms of their stipulation, Kelly and Gill entered into a settlement agreement under which Kelly received $100,000 from Gill and was assigned Gill's rights against National.

---

[2] The relevant language from the Policy is as follows:

**1. Who is an Insured**

The following are "insureds":

a. You for any covered "auto".
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

. . .

   (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

App. at 329a-330a.

3

In 2009, Kelly, as Gill's assignee, commenced this action against National in Pennsylvania state court, and National removed the action to federal court. Kelly's lawsuit alleged breach of contract by National on account of its denial of coverage for Gill (Count I), and bad faith by National under 42 Pa. Cons. Stat. Ann. § 8371 (Count II).[3] The District Court granted National's motion for summary judgment and entered judgment in favor of National on both counts of Kelly's complaint. *Kelly v. Nat'l Liab. & Fire Ins. Co.*, No. 09-1641, 2010 U.S. Dist. LEXIS 68959 (E.D. Pa. July 12, 2010). The Court also found in favor of National on its counterclaim under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, finding that the Policy did not obligate National to provide insurance coverage to Gill, and that National's denial of coverage was therefore not in bad faith. *Id.* Kelly now appeals.

**II.**

With respect to Kelly's breach of contract claim, the District Court concluded, after reviewing the relevant language in the Policy, that "Gill is specifically excluded from the definition of an insured, because at the time of the accident, he was PHC's employee and was operating a covered auto that he himself owned." *Id.* at *6. Thus, the District Court held, National "owed no duty to provide coverage to Gill in the *Kelly* action" and summary judgment was appropriate against Kelly. *Id.* Kelly does not challenge the Court's reading of the Policy language on appeal. Instead, she argues that

---

[3] The parties stipulated to the dismissal of a third count, which had alleged violations of the Consumer Protection Act.

4

Gill is nevertheless covered under the Policy because the doctrine of *respondeat superior* renders PHC vicariously liable for the negligent acts of Gill.

Kelly asserts that "Gill and PHC are deemed indivisible and inseparable" under the doctrine of *respondeat superior*. Appellant's Br. at 21. Therefore, she argues, National cannot deny coverage to Gill by treating him as a distinct party from PHC. In support of this proposition, Kelly cites *Mamalis v. Atlas Van Lines, Inc.*, 560 A.2d 1380, 1383 (Pa. 1989), where the Court held that "[a] claim of vicarious liability is inseparable from the claim against the agent since any cause of action is based on the acts of only one tortfeasor."

Kelly misconstrues the language in *Mamalis*. The legal question addressed in that case was whether an agent and its principal should be treated as joint tortfeasors, *id.* at 1381-82, a question not at issue here. As the Court stated, "vicarious liability responds to a specific need in the law of torts: how to fully compensate an injury caused by the act of a single tortfeasor." *Id.* at 1383. But the doctrine of *respondeat superior* meets this need by providing "two funds from which a plaintiff may recover," *id.*, and not, as Kelly would have us hold, by making the principal and the agent "one and the same," Appellant's Br. at 24.

As the District Court pointed out, "PHC would have been covered under the terms of the [P]olicy" had it been sued. *Kelly*, 2010 U.S. Dist. LEXIS 68959, at *6. However, PHC was not a defendant in this action, and following the stipulated dismissal, it was not a defendant in the action brought by Kelly against Gill. Whatever the reasons for the

5

dismissal, it effectively extinguished any obligations that National might have had for the injuries sustained by Kelly as a result of her accident with Gill.[4]

We also agree with the District Court's rejection of Kelly's bad faith claim. "Here, where there was no duty to defend, there was good cause to refuse to defend." *Frog, Switch & Mfg. Co. v. Travelers, Inc.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999).

This simple proposition finds unqualified support in prior case law. *See, e.g.*, *Lucker Mfg. v. The Home Ins. Co.*, 23 F.3d 808, 821 n.19 (3d Cir. 1994); *Morrison v. Mountain Laurel Assurance Co.*, 748 A.2d 689, 692 (Pa. Super. 2000). As such, Kelly's bad faith claim fails as a matter of law, and the District Court did not err in granting summary judgment for National on this claim.

## III.

For all the reasons above, we will affirm the District Court's grant of summary judgment in favor of National on Kelly's claims of breach of contract and insurance bad faith, as well as the District Court's grant of summary judgment on National's counterclaim for declaratory judgment.

---

[4] Kelly's argument that there are genuine issues of material fact regarding the reasonable expectations of PHC and Gill as to coverage under the policy is unavailing. While it is true that the "parties' reasonable expectations are to be the touchstone of any inquiry into the meaning of an insurance policy," *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1309 (3d Cir. 1994), Pennsylvania courts have noted that "[w]here . . . the language of the contract is clear and unambiguous, a court is required to give effect to that language," *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983). Kelly's concession that she is "not disputing the wording of that particular policy language," Appellant's Br. at 21, as well as her failure to make any affirmative showing that the Policy language was ambiguous, are fatal to her argument that the reasonable expectations of PHC and Gill were frustrated by National's denial of coverage.