J-S43014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WAYNE VANDEVER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SUSANNAH STAIR, M.D., EASTON | : | No. 905 EDA 2024 |
| HOSPITAL AND EASTON COMMUNITY | : | |
| CARE CENTER | : | |

Appeal from the Order Entered February 26, 2024
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2018-04041

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 18, 2025**

Wayne Vandever ("Plaintiff") appeals from the order granting summary judgment in favor of Easton Hospital, Easton Community Care Center ("ECCC"), and Susannah Stair, M.D. (collectively, "Defendants").  We affirm.

This matter arises from Plaintiff's suit against Defendants asserting counts of negligence and *respondeat superior*.[1]  The trial court summarized the background of this matter thusly:

> Beginning in 2008, [Plaintiff] treated with all named Defendants at Easton Hospital Clinic for ankle swelling and pain in his lower extremities.  From 2008 through 2016, Plaintiff was diagnosed by all Defendants as suffering from neuropathy, epilepsy[,] and

---

[1] The complaint also alleged corporate negligence against Steward Medical Group and Steward Health Care Systems, but upon stipulation of the parties, the action was discontinued as to those defendants with prejudice in December 2018.

various other conditions for which he underwent numerous treatments without success. On May 9, 2016, Plaintiff was advised to undergo a Ni duplex venous ultrasound and bilateral venous doppler testing, which revealed subacute and chronic deep vein thrombosis ("DVT"). Following this testing, Plaintiff was advised to change his medication regimen as the treatments for his previous diagnosis were incompatible and in contravention of his DVT diagnosis. Plaintiff avers that he was subsequently diagnosed with [DVT] post[-]thrombotic syndrome and continues to suffer from daily pain and significant physical and neurological problems as a result of the negligence of Defendants. With respect to [Easton Hospital and ECCC], Plaintiff brings causes of action against them for *respondeat superior* [as to the actions of Dr. Stair and other unnamed medical providers, as well as corporate] negligence.[2]

Trial Court Opinion, 5/3/19, at 1-2 (cleaned up). Regarding Dr. Stair, Plaintiff asserted one count of negligence. Notably, he did not raise any claims of negligence directed to any other individual employees or agents of Easton Hospital or ECCC.

After Plaintiff filed his complaint, Easton Hospital and ECCC filed preliminary objections and a brief in support thereof. *Inter alia*, they requested demurrer with regard to the allegations of *respondeat superior* relying on a theory of ostensible agency.3 After the consideration of briefs,

_____

[2] The corporate negligence claims were subsequently dismissed by stipulation and are not implicated in this appeal.

[3] This Court has elucidated that "[u]nder the doctrine of ostensible agency, a hospital . . . may be held liable for the negligent acts or omissions of an independent doctor." **Parker v. Freilich**, 803 A.2d 738, 746 (Pa.Super. 2002) (citation omitted). "Pennsylvania courts have determined that the two factors relevant to a finding of ostensible agency are: (1) whether the patient looks to the institution, rather than the individual physician for care and (2) *(Footnote Continued Next Page)*

the trial court entered an opinion and order sustaining the preliminary objections insofar as they related to any claims of ostensible agency concerning Easton Hospital and ECCC and granted leave to amend.

Dr. Stair also filed separate preliminary objections to the complaint, in part requesting that the court strike as vague certain paragraphs asserting her negligence in her capacity as a supervisor to other health providers. Although they were largely overruled, the trial court sustained one objection and dismissed paragraph 18(o) of the complaint without prejudice. That paragraph asserted that Dr. Stair's negligence consisted of "failing to properly oversee the physician's [*sic*] under her responsibility as the director of [ECCC]." Complaint, 6/25/18, at ¶ 18(o) (some capitalization altered). The remainder of the allegations in paragraph 18 alleged that Dr. Stair was negligent through her own actions or inactions.

Despite being given leave, at no point did Plaintiff file an amended complaint. The parties engaged in discovery, wherein Plaintiff was the only witness deposed. Dr. Stair and the remaining Defendants filed respective motions for summary judgment. Shortly before argument was held, Plaintiff secured an expert report from Cynthia L. Vuittonet, MD. As will be discussed in more detail below, the report only identified Dr. Stair by name once and referred to her solely in her capacity as a supervisor of other medical providers

_____

whether the hospital 'holds out' the physician as its employee." *Id*. (citation omitted).

working for Defendants. On February 26, 2024, the court entered an order granting summary judgment in favor of Dr. Stair on the negligence count and in favor of Easton Hospital and ECCC for *respondeat superior* as to the actions of Dr. Stair or any unnamed health providers.

This timely appeal followed. Plaintiff complied with the court's order to submit a statement of errors pursuant to Pa.R.A.P. 1925(b), and the court entered a statement in accordance with Rule 1925(a), directing us to its prior decisions.

Plaintiff presents three issues, which we have reordered for ease of disposition:

A. Whether the honorable court erred in granting summary judgment on the claim against [Dr. Stair] when the records and expert reports support said claim, when read in light most favorable to the non-moving party, namely Plaintiff . . . ?

B. Whether the honorable court erred in granting preliminary objections in its order of May 3, 2019, which required more specificity of ostensible agency allegations in Plaintiff's complaint?

C. Whether the honorable court erred in granting summary judgment in its order of February 26, 2024, on all counts of vicarious liability, based upon an erroneous reading of the prior order of May 3, 2019[,] where only claims for ostensible agency were stricken, and not all vicarious liability claims?

Plaintiff's brief at 7 (cleaned up).

In his first claim, Plaintiff argues that the trial court erred in granting summary judgment in favor of Dr. Stair. We begin with our well-settled standard of review for appeals from orders granting summary judgment:

> We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no [genuine issue as to any] material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Shellenberger v. Kreider Farms***, 288 A.3d 898, 905 (Pa.Super. 2023) (cleaned up).

The "failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." ***Id***. (cleaned up). However, "[i]f there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." ***Id***. at 905-06 (cleaned up). Accordingly, it is this Court's responsibility "to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." ***Id***. at 905.

Plaintiff's complaint asserted one count of negligence against Dr. Stair in her capacity as a medical professional, which equates to an allegation of

medical malpractice. This Court has stated that "[m]edical malpractice can be broadly defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient." ***Nigon v. Jewell***, 313 A.3d 1124, 1133 (Pa.Super. 2024) (citation omitted). To prove this type of claim, a plaintiff must demonstrate the following elements:

> a duty owed by the physician, that the breach was the proximate cause of the harm suffered, and the damages were a direct result of harm. With all but the most self-evident medical malpractice actions, **there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation**.

***Id***. (emphasis added). Further, as to causation, "the plaintiff must show that the defendant physician's failure to exercise the proper standard of care caused the plaintiff's injury. Generally, a plaintiff in a medical negligence action must present expert testimony to establish the physician's deviation from the standard of care proximately caused the plaintiff's injury." ***Id***.

In the order granting summary judgment in favor of Dr. Stair, the trial court held as follows:

> In the May 3, 2019 ruling on the preliminary objections of [Dr.] Stair, the Honorable Jennifer R. Sletvold, struck paragraph 18(o) of Plaintiff's complaint, which therefore eliminated the claim against [Dr.] Stair for negligence in her supervisory capacity. The expert report produced by Plaintiff, authored by [Dr. Vuittonet], on June 9, 2023[,] mentions Dr. Stair only once in addressing her supervisory capacity, and offers no opinions as to any specific breaches of the applicable standard of care by Dr. Stair as a treating physician, and further does not opine that any breach by Dr. Stair was the proximate cause or substantial factor in any harm to Plaintiff. As Plaintiff has failed to produce evidence essential to his cause of action, [Dr. Stair] is entitled to judgment as a matter of law.

Order of Court, 2/26/24 (some capitalization altered).

In arguing that the court erred in granting summary judgment, Plaintiff acknowledges that paragraph 18(o) was stricken from the complaint and does not challenge that determination. **See** Plaintiff's brief at 15. However, he believes that the court overemphasized the impact of that ruling. **Id**. He contends particularly that the trial court ignored the remaining allegations of negligence levelled against Dr. Stair in paragraph 18 of the complaint. **Id**. Additionally, Plaintiff maintains that the trial court reviewed his expert's report in the light most favorable to Defendants, not Plaintiff. **Id**. at 15-16. He expounds as follows:

> The trial court failed to recognize that [Dr.] Vuittonet's expert report stated [that] "while undergoing care at ECCC, [Plaintiff] was treated by multiple resident physicians in . . . training under the direct supervision of [Dr. Stair]". The order fails to recognize that the care was rendered in a clinic setting where [Plaintiff] was seen by numerous medical providers over a long period of time during which [he] identified Dr. Stair as his treating physician. The medical records set forth the care provided, the expert report of Dr. Vuittonet sets forth strong opinions to defeat motions for summary judgment and [Plaintiff's] rights to pursue his medical malpractice claim against Dr. Stair have been denied as a result of the trial court's erroneous granting of summary judgment.

**Id**. at 16 (cleaned up).

For her part, Dr. Stair agrees with the trial court that Plaintiff's expert report did not satisfy his burden of establishing the elements of medical malpractice. **See** Dr. Stair's brief at 14-15. She notes that the report merely offered a conclusory opinion that duties were generally breached without establishing who breached them or the specific acts or inactions that violated

any standard of care. *Id*. Dr. Stair posits that at best, the report only identified her once, and only in her supervisory capacity over other care providers, yet that assertion was thrown out at the preliminary objection stage. *Id*. at 17. She argues in the alternative that the report itself was deficient as Dr. Vuittonet was not qualified to offer an expert opinion because she was not board certified until 2018, after the alleged acts in questions occurred. *Id*. at 18-19.

Upon review, we conclude that the trial court did not err in granting summary judgment in favor of Dr. Stair. Our examination of Dr. Vuittonet's report confirms that it only referenced Dr. Stair a single time and did not discuss any action or inaction taken by her personally. Rather, it only mentioned her in the context of supervising other medical care providers. As the trial court indicated, when it struck paragraph 18(o) from the complaint, this effectively eliminated any causes of action relating to Dr. Stair's supervision of others. Plaintiff's expert report offered no other basis in which to find Dr. Stair negligent by breach of any particular duty.

On top of the inadequacies of the expert report, on appeal Plaintiff does not identify any other evidence produced during discovery that would support the allegations in the complaint. He fails to cite any testimony taken during his deposition that would impute culpability to Dr. Stair or other medical staff. *See*, *e.g.*, *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 584 (Pa.Super. 2014) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.").

Moreover, to the extent Plaintiff asserts that the trial court failed to adequately weigh the other averments in his complaint when it granted summary judgment, we reiterate that the party defending such a motion must adduce evidence and do more than rely on the pleadings. ***See Finder v. Crawford***, 167 A.3d 40, 44 (Pa.Super. 2017) ("Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment."). Therefore, the record bears out that Plaintiff has provided "insufficient evidence of facts to make out a *prima facie* cause" of negligence, and accordingly there "is no issue to be decided by the fact-finder." ***Shellenberger***, 288 A.3d at 905. No relief is due.

We address Plaintiff's remaining issues together. He first contends that the trial court erred in sustaining the preliminary objections of Easton Hospital and ECCC and dismissing the counts of *respondeat superior* premised upon the ostensible agency. ***See*** Plaintiff's brief at 10-12. Next, he argues that the court incorrectly granted summary judgment in favor of those defendants by relying upon a misinterpretation of the previous order sustaining the preliminary objections and failing to recognize the distinction between the ostensible agency claims that were dismissed and the direct agency ones that were not. ***Id***. at 12-14.

We find that these claims are without merit, in part due to our determination that the court properly granted summary judgment in favor of Dr. Stair. Initially, our High Court has noted that there is "no viable difference"

between the doctrines of *respondeat superior* and ostensible agency for purposes of a hospital's liability. ***See Thompson v. Nason Hosp.***, 591 A.2d 703, 707 n.5 (Pa. 1991). Thus, to the extent that the trial court sustained the preliminary objections of Easton Hospital and ECCC relating to a theory of ostensible agency, this likewise eliminated the *respondeat superior* claims against those defendants generally.

Further, any counts asserting *respondeat superior* rely upon a finding of negligence of the acting agent. ***See***, ***e.g.***, ***Keffer v. Bob Nolan's Auto Service, Inc.***, 59 A.3d 621, 638 (Pa.Super. 2012) ("[I]t is clear that if an employee was found to not have been negligent, that his employer could not be held negligent under the doctrine of *respondeat superior*." (citation omitted)). ***See also Mamalis v. Atlas Van Lines, Inc.***, 560 A.2d 1380, 1383 (Pa. 1989) ("A claim of vicarious liability is inseparable from the claim against the agent since any cause of action is based on the acts of only one tortfeasor."). In other words, Plaintiff's counts against Easton Hospital and ECCC, whether resting upon a theory of ostensible agency or actual agency, could not succeed without a surviving claim of negligence against Dr. Stair or other employees or agents. As discussed, the trial court did not err in granting summary judgment in favor of Dr. Stair, and Plaintiff did not raise a count negligence as to any other individuals. Additionally, Plaintiff fails to develop his argument on appeal as to exactly how any evidence produced in discovery supports a claim of *respondeat superior* against any unnamed medical providers, and we refuse to do so for him. ***See Krauss***, 104 A.3d at 584.

In light of the foregoing, even if we were to assume for the sake of argument that the court initially erred in sustaining preliminary objections regarding the ostensible agency of Easton Hospital and ECCC, Plaintiff's *respondeat superior* claims against those defendants would nevertheless have necessarily failed at the time the court granted Dr. Stair's motion for summary judgment. This is especially true due to Plaintiff's failure to cite adequate parts of the evidentiary record demonstrating those counts could be proven at trial.

Thus, we find no error with the trial court's order granting summary judgment in favor of Defendants in this matter.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2025