629 A.2d 146

Joan PALLANTE and James Pallante, Appellants,

v.

HARCOURT BRACE JOVANOVICH, INC., Centipede Tours, Inc., Frank Martz Coach Company, Custom Tour and Travel, Inc., Colonial Coach Corporation, Krapf's Coaches, Inc., Appellees.

Superior Court of Pennsylvania.

Argued March 2, 1993.

Filed Aug. 4, 1993.

Daniel L. Lemisch, Philadelphia, for appellants.

Theodore Winicov, Philadelphia, for appellees.

Before CAVANAUGH, HUDOCK and HOFFMAN, JJ.

CAVANAUGH, Judge.

The primary issue presented for resolution in this appeal is whether a release in favor of a vicariously liable principal acts to preclude maintenance of an action against the primarily liable agent. We hold that it does, and, therefore, summary judgment was properly entered in favor of appellee-agent.

Appellant Joan Pallante was injured on April 15, 1986 when a bus on which she was a passenger began to move and caused her to lose her balance and fall. At the time of the accident, Mrs. Pallante was attending a convention of the International

Reading Association in Philadelphia. She stayed at the Wyndam–Franklin Plaza Hotel. A reception was hosted by Harcourt Brace Jovanovich, Inc. ("HBJ") at the Franklin Institute and HBJ had provided buses to transport people from the hotel to the reception. HBJ engaged appellee-Centipede Tours, Inc. ("Centipede") to arrange for the buses. Centipede contracted with four bus companies to have buses present at the Franklin Plaza Hotel to bring conventioneers to the reception. As Mrs. Pallante was about to take a seat on the bus, she alleges that it moved forward and braked suddenly. The abrupt stop caused her to be thrown from the seat. She went to the HBJ reception and returned to her hotel that evening using the shuttle bus service. After her injury, Mrs. Pallante sought medical treatment for pain she believed to be associated with injury sustained in the accident on the bus.

The Pallantes brought suit against HBJ, Centipede, Frank Martz Coach Company, Custom Tour and Travel, Inc., Colonial Coach Corp., and Krapf's Coaches, Inc. on July 7, 1987. Discovery was conducted and the Pallantes determined that they were unable to show the ownership of the bus on which Mrs. Pallante was injured. Therefore, summary judgment was entered in favor of Krapf's Coaches, Inc. and Frank Martz Coach Co. The parties stipulated to the dismissal with prejudice of Custom Tour & Travel and Colonial Coach Corp. At some point prior to trial, the Pallantes settled with HBJ for approximately $50,000 and released HBJ. The sole remaining defendant at the time the case was called for trial was Centipede.

Centipede filed a Motion in Limine, styled as a motion to dismiss, in which it sought dismissal and judgment in its favor. The lower court, the Honorable Bernard J. Avellino, treated this as a motion for summary judgment. After argument by counsel, the court granted the motion in favor of Centipede on the basis that the release with HBJ precluded any further action against Centipede. The court placed primary reliance upon *Mamalis v. Atlas Van Lines, Inc.*, 522 Pa. 214, 560 A.2d 1380 (1989).

The supreme court in *Mamalis* held that a release between an injured party and an agent precluded an action against the agent's principal where the principal was only vicariously liable. The supreme court held that an agent and its principal are not joint tortfeasors under the Uniform Contribution Among Tortfeasors Act (UCATA) "when the liability of the principal is vicarious liability and is not based upon the principal's independent actionable fault." *Id.* at 216, 560 A.2d at 1381. Judge Avellino applied the holding to the instant situation, i.e., release of the principal, as a logical extension of the court's conclusion in *Mamalis*. It is with this conclusion that the Pallantes take issue on appeal.

The appellants present two questions for review:

1. Whether settlement with a principal acts to discharge the liability of that principal's independently negligent agent.

2. Whether the failure of a tour company to warn bus drivers, over whom the tour company had a right of control, not to begin to operate their vehicles until all passengers are seated, can constitute negligence on the part of the tour company.

Due to the interrelated nature of the questions, we shall treat them together.

Appellants argue that the release of HBJ is of no legal significance to the validity of their action against Centipede. They contend that since *Mamalis* involved release of an agent, Judge Avellino's application of the case is without basis in law. They also argue that Judge Avellino ignored Centipede's acts of independent negligence, which would have precluded entry of summary judgment.

The supreme court has recently articulated the principles regarding entry of summary judgment:

Summary judgment shall be entered:

... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law. Pa.R.C.P. 1035(b). "The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991). Summary judgment may be entered only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 369, 562 A.2d 279, 280 (1989).

*Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992).

 Initially, the Pallantes claim that the motion properly should have been treated as one for a nonsuit. We find no error committed by the trial court in applying the summary judgment standard in determining whether the case against Centipede could be maintained. The issue regarding the effect of the release was a legal one which was ripe for disposition prior to commencement of trial. The pleadings had been closed and Judge Avellino allowed the non-moving party to make an offer of proof, based upon the deposition evidence. Therefore, summary judgment was the proper procedural mechanism for determining the legal validity of appellants' claim against Centipede.

 Appellants maintain that Judge Avellino failed to afford proper weight to their offer of proof regarding the existence of Centipede's independent negligence in resolution of the summary judgment motion. They fault Judge Avellino for failing to explain his dismissal of the independent ground of negligence against Centipede.

Upon review of the record created during argument on the motion, we find that appellants have misconstrued the basis of Judge Avellino's ruling. Rather than ignore evidence of Centipede's independent negligence, the trial judge assumed that Centipede was totally liable for Mrs. Pallante's injury, for purposes of ruling on the motion.

[THE COURT]:

... Harcourt hired Centepide [sic]. Centepide [sic] was careless. Its carelessness—and this is the analysis that we follow—its carelessness caused the plaintiff's injury.

\*　　\*　　\*　　\*　　\*　　\*

As I reviewed your Complaint, it just became more and more apparent to me that your claim against Harcourt is just based upon nothing more than vicarious liability. Harcourt, as I recall—correct me if I'm wrong—they are a publishing company?

APPELLANTS' COUNSEL:

That's correct, your Honor.

THE COURT:

They publish books. They're not in the business of transporting people. They publish books. In my mind, they hired Centepide [sic] to perform a specific task; namely, to transport guests of the convention from one place to another.

For all intents and purposes, *we can put Centipede behind the wheel of a bus, and I think that analytically speaking, it might be easier if I did that. We can put Centipede, acting through its own employees, behind the wheel of the bus and we can have their employees being dead bang negligent.* I think we can do that. The whole notion of control is that same notion. We can put them behind the wheel of the bus and the result comes out the same. You have the principal being Harcourt, the agent being Centipede and Centepide's carelessness causing the plaintiff's injury.

Now, there is no independent act of negligence alleged against Harcourt anywhere in your Complaint. It's all alleged the same thing. We're blaming Harcourt—frankly, it's had no contact with the plaintiff—for what Centipede did.

Notes of Testimony, 5/11/92, at 62, 67–69 (emphasis added).

It is clear from the comments made by Judge Avellino that he assumed that Centipede was independently negligent. Judge Avellino assumed that Centipede, HBJ's agent, commit-

ted acts of negligence for which HBJ, as principal, could be held vicariously liable. Therefore, we find appellant's argument in support of their second issue to be without merit [1].

■ The central legal question is whether the holding of *Mamalis* is applicable to the circumstance where the injured party releases the principal rather than the agent. Given the supreme court's decision that principal and agent are not joint tortfeasors, we conclude that the release of the principal acts as a release of the agent.

The reasoning of the supreme court in *Mamalis* was that where one party is only vicariously liable and the other party engages in injurious conduct while acting as its agent, they are not joint tortfeasors because the claim of vicarious liability is inseparable from the claim against the agent and any cause of action is based on the acts of only one tortfeasor. *Id.* 522 Pa. at 221, 560 A.2d at 1383. We find that this reasoning is equally as applicable to instances of the release of the principal as it is to release of the agent. Regardless of which party is the contracting party to the release, a single tort for which compensation was sought is involved in the action. Once a person settles with the vicariously liable principal the injurious conduct in which the agent engaged has been compensated for. The independent negligent act of the agent is the subject of the settlement with the principal. When the principal receives a release from the injured party for claims based upon the act of the agent, the injured party has been compensated for the harm suffered as a result of that act. Any claim against the agent is thereby extinguished.

The supreme court in *Mamalis* noted its acknowledgement of the split of authority on the issue of the joint tortfeasor status of a vicariously liable principal and its agent. *Id.* at 221

1. Centipede's alleged independent negligence does not require it to be retained as a party although the bus companies were dismissed. As argued by appellant's counsel below, the fact that the bus companies were sued and are no longer in the case is of no import. Notes of Testimony, 5/11/92, at 13. Regardless of Centipede's relationship with the bus companies, it acted as HBJ's agent at all times and it is the legal effect of that relationship which controls the analysis of Centipede's entitlement to summary judgment.

n. 1, 560 A.2d at 1384, n. 1. The court stated that it found the better rationale to be that the release of the agent releases the vicariously liable principal. We note that there is authority from other jurisdictions which reaches a result contrary to ours today. In 1988, a plurality of the Supreme Court of Michigan reached the same result as *Mamalis* in *Theophelis v. Lansing General Hospital,* 430 Mich. 473, 424 N.W.2d 478 (1988). However, this year the Court of Appeals of Michigan ruled that release of a vicariously liable principal does not act as a release of the agent. *Smith v. Childs,* 198 Mich.App. 94, 100, 497 N.W.2d 538, 541 (1993). The *Smith* court found that since the liability of the agent is not dependent upon the agent's relationship with the principal but is attributable to his own misconduct, the release of the principal was of no effect on the agent's liability. The court ruled that the Michigan statute based upon UCATA abrogated the common-law rule that release of the principal discharged the liability of the agent.

Similarly, the Supreme Court of Washington has held that although release of an agent results in release of the principal, release of a principal does not require release of the agent. *Vanderpool v. Grange Insurance Association,* 110 Wash.2d 483, 756 P.2d 111 (1988). In a case involving an employer and employee, the court found that an injured third party's release of the employer/principal did not automatically release the primarily liable employee/agent. The court stated that there were many situations where a plaintiff might settle with a principal, but not intend to release the agent.

The 6–3 decision in *Vanderpool* was subject to a vigorous dissent. The dissent interpreted the decision in the prior case holding that release of the agent required release of the principal, *Glover v. Tacoma General Hospital,* 98 Wash.2d 708, 658 P.2d 1230 (1983), as follows:

In essence, the court held that the discharge of a principal is discharge of an agent if settlement from one or the other is accepted in full since there is but one tortfeasor and the law simply protects the victim by allowing the victim to proceed

against one or the other or both, but not to seek recovery of more than one's total damages.

\* \* \* \* \* \*

The disposition is based upon the sensible rationale that acceptance of payment as payment in full from the plaintiff's selected target of either the master or the servant discharges the liability.

*Vanderpool v. Grange Insurance Association,* 110 Wash.2d 483, 756 P.2d 111, 118 (1988) (Callow, J. dissenting).

We are persuaded that the dissent in *Vanderpool* articulates the correct application of the law of releases vis-a-vis principal and agent. Because the law seeks to protect an injured party's right to payment for a single injurious act from either a vicariously liable principal or an independently liable agent, the party's decision to settle with and release one acts as a release of the other, given their non-joint tortfeasor status. We hold that where a principal who is vicariously liable for the negligent act of its agent is released by the injured party after settlement of the claim, the release is a release of the agent as well and no suit may be maintained against the agent for its independent act of negligence.

Judgment affirmed.