**Cohen v. St. Mary Medical Center**

C.P. of Bucks County, no. 2008-00908.

*Judy Greenwood,* for plaintiffs.
*Peter J. Hoffman,* for defendants.

MELLON, *J.,* February 2, 2011—Plaintiff Gerald Cohen (Cohen) appeals from this court's order of November 9, 2010 (docketed November 10, 2010), which granted defendants St. Mary's Medical Center (Medical Center) and Chester Ganczarz's (Ganczarz) motion for summary judgment. Judgment was granted after oral argument on November 4, 2010. Cohen has filed a notice of appeal to the Pennsylvania Superior Court. This opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[1]

## FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are not in dispute. Cohen was an employee of the Medical Center in its patient transport department.[2] On July 10, 2005, Cohen was injured while transporting a patient at the Medical Center.[3] Cohen injured his left forearm, elbow, and hand in the accident.[4]

Cohen did not immediately seek medical treatment but waited a day to see if the pain would abate.[5] When the pain

---

1. "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Com. v. Seibert,* 799 A.2d 54, 62 (Pa.Super. 2002).
2. Interrogatories of defendants St. Mary Medical Center and Chester Ganczarz Directed to Plaintiff's and Plaintiff's Responses, ¶11 [hereinafter Interrogatories].
3. Motion for summary judgment of defs., Exhibit H, Workers Compensation Claim Petition, ¶4.
4. Pl. compl., ¶8.
5. *Id.*

did not subside, Cohen presented to the emergency room at the Medical Center.[6] He complained of elbow pain and decreased range of motion.[7] Cohen was examined, released, and instructed to receive further treatment.[8] Cohen received treatment for his injury at the Triad, a medical care facility available only to Medical Center employees.[9] After four months, the Medical Center recommended that Cohen contact Dr. Cautilli, an orthopedic surgeon, for continued treatment.[10] Dr. Cautilli recommended, among other treatments, occupational therapy.[11]

The occupational therapy began in November, 2005 and was provided by Ganczarz, an occupational therapist and employee of the Medical Center.[12] The therapy took place at the Medical Center.[13] Cohen participated in therapy without complaint from November, 2005 until March, 2006.

On March 2, 2006, Cohen suffered injuries to the neck and shoulder, allegedly from therapy provided by Ganczarz.[14] While attempting to treat his elbow, Cohen asserts Ganczarz excessively manipulated Cohen's shoulder and neck.[15] This over manipulation applied excessive pressure to the neck and shoulder, which caused the injury.[16]

---

6. *Id.*
7. *Id.* at ¶¶ 8-9.
8. *Id.*
9. Pl. Response to defs. motion for summary judgment; Exhibit A, ¶3.
10. *Id.*
11. *Id.* at ¶¶ 6-7, 10.
12. *Id.* at ¶¶ 9-10.
13. *Id.*
14. *Id.* at ¶¶ 14-16.
15. *Id.* at ¶¶ 14.
16. *Id.* at ¶¶ 14-15.

In April, 2006, Cohen filed a claim with the Bureau of Workers' Compensation.[17] This claim included both the July 2005 elbow injury and the March 2006 neck and shoulder injury.[18] Cohen sought full workers' compensation benefits for both injuries.[19] In April 2007, the Medical Center and Cohen entered into a stipulation which stated in relevant part:

> The parties stipulate that the claimant [Gerald Cohen] sustained a work related injury on July 10, 2005. Defendant [Medical Center] asserts that the July 10, 2005 injury was in the nature of left lateral epicondylitis which has resolved and ceased in its entirety. The parties also stipulate that Claimant sustained a work related injury on March 2, 2006. Defendant asserts that the March 2, 2006 injury was in the nature of C6-7 radiculopathy on the left.[20]

This stipulation resolved, with prejudice, the pending claim petition.[21] As a result, Cohen received workers' compensation benefits for both the July 2005 and March 2006 injuries.[22]

As required by Section 449 of the Pennsylvania Workers' Compensation Act (PWCA), a hearing was held on July 25, 2008 to approve the release agreement by stipulation (Release) entered into by the parties.[23] In relevant part, the

17. Motion for summary judgment of defs., Exhibit C, claim petition.
18. *Id.* at ¶ 1.
19. *Id.* at ¶ 4.
20. Motion for summary judgment of defs., Exhibit F, Stipulation ¶2.
21. *Id.* at ¶7.
22. *Id.* at ¶3.
23. Motion for summary judgment of defs., Exhibit I, 7/25/2008 Compromise and Release Hearing.

Release agreement provided for the following:

> defendant agrees to provide medical coverage for two years from the date that the instant agreement is approved by the Workers' Compensation Judge at hearing...The parties are entering into this agreement to settle this case representing the payment of $65,000 subject to the attorney fee herein and two years of medical coverage subject to the terms herein...After expiration of the two year period of medical coverage, defendant will have a compromise and release of all liability relative to the work injuries of 7/10/05 and 3/6/06 and all relevant sequela.[24]

This agreement applied to both Cohen's injury of the "left lateral epicondylitis and C6-7 radiculopathy on the left."[25]

In an opinion and order dated July 28, 2008, the workers' compensation judge found that the agreement conformed to the requirements of the PWCA and approved the release.[26] The judge further found that the July 2005 and March 2006 injuries were worked related.[27] Finally, the judge concluded that Cohen "understands the full legal significance of each provision of the Agreement."[28] This agreement conclusively resolved any and all outstanding claims related to the two work related injuries.

The instant appeal arises from Cohen's attempt to

---

24. Motion for summary judgment of defs., Exhibit H, compromise and release ¶¶10, 15,18.

25. *Id.* at ¶4.

26. Motion for summary judgment of defs., Exhibit I, 7/25/2008 compromise and release hearing ¶¶ 6-7.

27. *Id.* at ¶4 (March 6 was not the date of injury, but date of first complaint by Cohen).

28. *Id.* at ¶6.

recover twice for the same work related injury. On January 17, 2008, Cohen filed a complaint alleging negligence by the Medical Center and Ganczarz that caused his March 2006 injury. The defendants filed an answer and new matter on February 25, 2008. Subsequently, the defendants filed a motion for summary judgment alleging that as a matter of law Cohen was barred from recovery because the PWCA provides the exclusive relief in the event of a work-related injury and, in the alternative, the Release discharged all liability relative to the March 2006 injury. Oral argument was held on November 4, 2010.

Defendants contended that Cohen's claims are barred as the PWCA provides exclusive relief in the event of a work-related injury. Plaintiff has admitted both in a judicial document, the claim petition, and in the release, that the March 2006 injury was work related.

Consequently, defendants assert, Cohen is estopped from contending that the injury is not work related. Section 303 of the PWCA provides "in an injury in the course of employment...the liability of an employer under this act shall be exclusive and in place of any and all other liability to such employee." Section 205 of the PWCA extends the exclusivity principle to fellow employees.[29] Therefore, Cohen is barred as a matter of law from asserting a negligence suit against defendants.

Additionally, the release Cohen signed discharged all liability relative to the March 2006 injury. The language of the release is clear, "defendant will have a Compromise and Release of all liability relative to the work injuries of 7/10/05 and 3/6/06 and all relevant sequela." Even if Cohen

---

29. 77 P.S. s 72.

discovered an exception to the exclusivity principle, the plain language of the release forestalls any liability.

Cohen admitted that he received workers compensation benefits for both the July 2005 and March 2006 work related injuries. According to Cohen, the dual capacity doctrine circumvents the exclusivity provision of the PWCA and allows for the present suit. However, the dual capacity doctrine cannot apply if the injuries are deemed work related.[30] Additionally, Cohen contended that the Release did not bar suit because the Release was only intended to resolve the workers' compensation claims. Cohen presented no evidence that the terms of the release are vague; absent such, Cohen's subjective intentions are irrelevant. After careful consideration of the facts and law, the court determined that both the release and the exclusivity provisions of the PWCA barred suit; accordingly summary judgment in favor of the defendants was granted.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Pursuant to an order of court dated November 9, 2010, granting defendants Medical Center and Ganczarz's motion for summary judgment, and Pennsylvania Rule of Appellate Procedure 1925(b), Cohen filed a concise statement of matters complained of on appeal on December 26, 2010. The matters complained of on appeal as alleged by Cohen are as follows:

1. The court erroneously entered summary judgment

---

30. *Heath v. Church friend Chicken, Inc.,* 546 A.2d 1120, 1121 (Pa. 1988), citing *Lewis v. School District of Philadelphia,* 538 A.2d 865, 869 (Pa. 1988).

for defendants and against plaintiffs.

2. The court failed to apply, or properly apply, the dual capacity doctrine which would have avoided the exclusivity of the Workers' Compensation Act.

3. The court should not have applied, or improperly applied, the doctrine of collateral estoppel.

4. The court should not have found Chester Ganzcarz immune from suit as a fellow employee.

5. The court should not have found that the compromise and release in the workers' compensation matter was intended to, or did, accomplish a release favoring defendants in this civil action.

6. The court should not have determined that the workers' compensation judge had the authority to approve a settlement resolving this civil action or its claims.

7. Such other errors as may only be discovered upon receipt of the court's opinion setting forth the basis for its decision.

Cohen's matters complained of on appeal can be consolidated and restated into three questions: 1) whether the trial court erred or abused its discretion by concluding that Cohen was estopped from asserting that the March 2006 injury was not work related; 2) whether the trial court erred or abused its discretion in determining that the dual capacity doctrine is inapplicable if the injury is work related; and 3) whether the trial court erred or abused its discretion by concluding that the release waived all claims against the defendants and barred the present suit.

## DISCUSSION

Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, "after the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law."[31] Summary judgment is proper when there is no genuine issue of material fact that could be established by additional discovery and the moving party is entitled to judgment as a matter of law.[32] The moving party has the initial burden of proving the non-existence of any issue of genuine material fact.[33] Once the moving party has met its burden, the non-moving party must set fourth specific facts showing that there is a genuine issue for trial.[34] The non-moving party must rely on depositions, answers to interrogatories, admissions, or affidavits, to evidence its assertion that there is a genuine issue for trial and may not merely rely upon the averments contained in the pleadings.[35] Failure of a non-moving party to adduce sufficient evidence on an issue essential to the cause of action and on which it bears the burden of proof establishes the entitlement of the moving party to summary judgment.[36] In weighing the evidence, the court must examine the record in the light most favorable to the non-moving party and any doubt must be resolved against

31. Pa.R.C.P. s 1035.2(1).
32. *Id.*; *Donegal Mutual Insurance Co. v. Fackler*, 835 A.2d 712, 715 (Pa. Super 2003).
33. *Erte v. Patriot-News Co.*, 674 A.2d 1038, 1041 (Pa. 1996).
34. *Hagans v. Constitution State Serv. Co.*, 687 A.2d 1145, 1157 (Pa. Super 1997) (quoting *Samarin v. GAF Corp.*, 571 A.2d 398, 402 (Pa. 1989).
35. *Washington Federal Savings & Loan Association v. Stein*, 515 A.2d 980, 981 (Pa. 1986).
36. *Young v. PeenDOT*, 744 A.2d 1276, 1278 (Pa. 2000).

the moving party.[37] Applying the above standard to the case sub judice, the court concluded that there was no genuine issue of material fact and defendants were entitled to a judgment as a matter of law.

## I. THE COURT PROPERLY GRANTED SUMMARY JUDGMENT BECAUSE COHEN IS ESTOPPED FROM ASSERTING THE MARCH 2006 INJURY WAS NOT WORK RELATED AND THE PWCA PROVIDES THE EXCLUSIVE REMEDY FOR WORK RELATED INJURY.

### A. *Collateral Estoppel*

A grant of summary judgment was appropriate because Cohen is estopped from asserting that the March 2006 injury was not work related and the PWCA provides the exclusive remedy for work related injury. The doctrine of collateral estoppel "forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment."[38] Summary judgment is properly granted on grounds of collateral estoppel if there is no genuine issue of material fact which the pleadings, depositions, answers to interrogatories, admissions on file, and supporting affidavits show that the moving party is entitled to a judgment as a matter of law.[39]

It is well-settled law that the findings of a workers' compensation judge preclude the plaintiff-employee from re-litigating the same issue in a common law tort

---

37. *Id.*
38. *Grant v. GAF Corp.*, 608 A.2d 1047, 1054 (Pa. Super 1990).
39. *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313 (Pa. Super 1983).

action.[40] Specifically, a finding that an injury was work-related prohibits an employee from later attempting to litigate the work-relatedness of that injury.[41] To have the prohibitory effect, a finding of work-relatedness must be part of a final adjudication and have been necessary to that determination.[42] A final adjudication is a decision by the workers' compensation judge that is not appealed.[43]

In adjudicating the claim petition filed by Cohen, a workers' compensation judge, after a hearing, specifically found that the March 2006 injury was a "work injury." The judge also approved a stipulation and release which expressly stated that the March 2006 injury was work related. Finally, Cohen claimed that the March 2006 injury was work related and he received benefits for that injury.

These facts evidence that application of collateral estoppel is appropriate. First, the work-relatedness of the March 2006 injury was actually litigated through the release and at the July 25, 2008 hearing. Second, a determination of work-relatedness was necessary to the final judgment, i.e. the award of benefits pursuant to the stipulation and release, because without that finding the issuance of benefits would not have occurred. Finally, the decision of July 25, 2008 was a final adjudication because Cohen did not appeal the determinations of the workers' compensation judge. To allow Cohen, years later, to re-litigate a previously adjudicated issue not only undermines the authority of the workers' compensation judge, but contradicts the doctrine of collateral estoppels.

---

40. *Grant*, 608 A.2d at 1056-57; See also *Yonkers v. Donora Borough*, 702 A.2d 618, 620 (Pa.Cmwlth 1997).
41. *Kohler v. McCroy Stores*, 615 A.2d 27, 33-34 (Pa. 1992).
42. *Id.*
43. *Id.*

Accordingly, Cohen is estopped form asserting that the March 2006 injury was not work related.

B. *PWCA's Exclusivity Principle and the Dual Capacity Doctrine*

The PWCA provides the exclusive remedy to an employee for a work related injury.[44] Section 303 of the PWCA provides in pertinent part:

The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury...[45]

Section 205 of the PWCA extends the exclusivity provision to fellow employees and states in pertinent part:

If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled, killed, except for intentional wrong.[46]

Courts have unequivocally interpreted the aforementioned language to mean that the PWCA provides the exclusive basis for compensation for a work related injury.[47] The formulation of the exclusivity principal is

___

44. *Poyser v. Newman & Co.*, 522 A.2d 548 (Pa. 1987).
45. 77 P.S. 481(a).
46. 77 P.S. 72.
47. *Lewis v. School District of Philadelphia*, 538 A.2d 862, 866 (Pa. 1988).

consistent with the concept that in exchange for the benefit of strict liability, the employee surrenders all other rights of action.[48]

In the case sub judice, Cohen admitted and a workers' compensation judge found that March 2006 injury was work related. As such, Cohen applied for and received workers' compensation benefits. These benefits are the exclusive remedy available to Cohen for his injury pursuant to PWCA Section 303(a). Further, as an employee of the Medical Center, Ganczarz is shielded from liability pursuant to PWCA Section 205. Cohen's effort to recover twice, through the PWCA and through tort, is expressly prohibited by the terms of the PWCA and case law.[49]

Cohen attempts to avoid the exclusivity provisions of the PWCA by contending that the dual capacity doctrine applies, which would make the Medical Center and Ganczarz amendable to suit. Cohen's reliance on the dual capacity doctrine is misplaced. Under the dual capacity doctrine, an employer who is normally shielded from tort liability by the exclusive remedy of the act may become liable if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.[50] Case law has limited the doctrine's application exclusively to situations where the injury occurs on the employer's premises but the employee was not acting within the scope of his employment or receiving a benefit because of employment.[51]

48. *Id.*
49. *Kline v. Arden H. Verner Co.,* 469 A.2d 158, 159-60 (Pa. 1983).
50. *Kincel v. Com. Dept. of Transp.,* 867 A.2d 758, 766 (Pa.Cmwlth. 2005).
51. *Heath v. Church Fried Chicken, Inc.* 546 A.2d 1120, 1121 (Pa.

Cohen stipulated that the March 2006 injury was work related. This admission is fatal to Cohen's dual capacity claim because the doctrine only allows for civil suit if the injuries, although sustained on the employer's premises, were extraneous to employment. [52] In other words, the doctrine allows an employee to challenge the work relatedness of an injury. An injury is not extraneous to employment if it is work related.[53] Cohen's admission that his injury was work related prohibits him from contesting that fact and mutes whatever application the dual capacity doctrine may have had to this case. The dual capacity doctrine exists to allow an employee to challenge the exclusivity provisions by asserting that an injury was not work related despite the injury occurring on the premises of the employer.[54] The doctrine was not developed to provide an opportunity for an enterprising litigant to recover both through the Workers' Compensation system and by an action in tort.

Moreover, the dual capacity doctrine does not apply when the compensable injury occurred in the course of treatment prescribed by the employer.[55] When an employer directs an employee's treatment because he is an employee, the treatment is within the scope of employment and the exclusive remedy available to the employee is the PWCA.[56]

1988), citing *Lewis v. School District of Philadelphia,* 538 A.2d 862, 869 (Pa. 1988); *Synder v. Pocono Medical Center,* 690 A.2d 1152, 1155 (Pa. 1997); *Heimbach v. Heimbach,* 584 A.2d 1009, 1010-11 (Pa.Super. 1990).

52. *Heimbach,* 584 A.2d at 1010-11.; *Tatrai v. Presbyterian University Hospital,* 439 A.2d 1162, 1165-66 (Pa. 1982).

53. *Id.*

54. *Heimbach,* 584 A.2d at 1010.

55. *Snyder,* 690 A.2d at 1153-54.

56. *Budzichowski v. Bell Telephone Co. of Pa.,* 469 A.2d 111 (Pa. 1983).

It is inconsequential whether the employer prescribed treatment occurs at a public or an employee only facility.[57]

After his July 2005 injury, Cohen was treated at the Triad, a facility set up exclusively for Medical Center employees. After four months of treatment at the Triad, the Medical Center recommended continued treatment with Dr. Cautilli. The subsequent treatment with Dr. Cautilli led to the March 2006 injury. These facts illustrate that Cohen's treatment was directed by the hospital because Cohen was an employee. The dual capacity doctrine does not apply in such circumstances.[58] Further, Cohen presented no evidence that his treatment at the Triad or with Dr. Cautilli was unrelated to his employment relationship with the Medical Center. Accordingly, the dual capacity doctrine is inapplicable and Cohen is barred from bringing suit pursuant to the exclusivity provisions of the PWCA.

## II. THE COURT PROPERLY GRANTED SUMMARY JUDGMENT BECAUSE THE RELEASE WAIVED ALL CLAIMS AGAINST THE DEFENDANTS.

Summary judgment was appropriately granted because Cohen's claims are barred by the release. A release is interpreted according to general contract principles.[59] Where a contract, such as a release, contains clear and unambiguous terms the court should give effect to the plain language of the agreement.[60] If the terms of the release are clear and unambiguous, a court need only examine the writing itself to give effect to the parties understanding

---

57. *Snyder*, 690 A.2d at 1154.
58. *Id.*
59. *Ford Motor Co. v. Buseman*, 954 A.2d 580 (Pa.Super. 2008).
60. *Buttermore v. Aliquippa Hospital*, 561 A.2d 733 (Pa. 1989).

and should not modify the plain meaning of the words.[61] Only where the terms are shown to be vague or ambiguous should the court look to extrinsic evidence to determine the ambiguous terms meaning.[62]

The language of the release is clear and unambiguous. The release states, "defendant will have a Compromise and Release of all liability relative to the work injuries of 7/10/05 and 3/6/06 and all relevant sequela." The release was intended to resolve all claims against both the Medical Center and Ganczarz with respect to the July 2005 and March 2006 injuries.[63] No other interpretation gives effect to the plain language of the release. This interpretation is buttressed by the proceeding clause that defines the extent of liability, "a two year period of medical coverage." Once that medical coverage expires, the Medical Center and Ganczarz have a "...release of all liability" relative to the two work injuries.

Further, Cohen presented no evidence that the terms of the release were vague. Cohen's evidence only established that he did not intend to release all claims against the Medical Center and Ganczarz. Cohen's subjective intention is in immaterial when the terms of the release are not ambiguous and their meaning can be ascertained

---

61. *McMahon v. McMahon,* 612 A.2d 1360, 1364 (Pa.Super. 1992).
62. *Id.*
63. *Pallante v. Harcourt Brace Jovanovich, Inc.,* 629 A.2d 146, 150 (Pa. Super. 1993). The Supreme Court's decision in *Maloney v. Valley Medical Center Facilities, Inc.,* 984 A.2d 478 (Pa. 2009), disapproved of *Pallante's* logic only where the release expressly reserved the right to maintain a claim against an agent while releasing the institutional defendant. The court explained that in such a situation the per se rule of *Pallante* was inappropriate and a plaintiff should have the right to effectuate his or her intention. As the release subjudice contained no reservation, *Pallante* is still applicable.

from the writing itself.[64] Because the plain language of the release resolves all claims against the Medical Center and Ganczarz, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.

Accordingly, the court granted summary judgment.

## CONCLUSION

For the foregoing reasons, this court properly granted defendant Medical Center and Ganczarz's motion for summary judgment by order of November 9, 2010.

**In re L.S.**

---

64. *McMahon*, 612 A.2d at 1364.